## NO STENOGRAPHER PRESENT AT A CRIMINAL TRIAL.

Court of Appeals for Hamilton County.

ROY AUSTIN V. STATE OF OHIO.

Decided, March 15, 1913.

*Criminal Law—Not Error to Try a Case Without an Official Stenographer to Report the Testimony, When—Section 1548.*

Section 1548, General Code, does not make it mandatory upon a trial judge to provide the defense in a criminal case with an official stenographer, and a judgment of conviction will not be reversed for failure so to do, where it appears there was no official stenographer available at the time, and no claim is made that the verdict is against the weight of the evidence, or that the defendant was not proved guilty beyond a reasonable doubt, or that any manifest injury resulted to the defendant through failure to have a stenographer. in attendance.

*Howard D. Burnett,* for plaintiff in error.
*Simon Ross, Jr.,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H:, J., concur.

Plaintiff in error, who was convicted of grand larceny, seeks to set aside this conviction solely because he was not furnished the services of an official stenographer to report all the testimony at the trial.

The bill of exceptions recites that upon the calling of the case for trial on the day on which it had been regularly set for trial, the defendant objected to being put to trial on that day for the reason that:

"First. Written application was made by the counsel for the defendant for an official stenographer to report the evidence and proceedings in said trial. No official stenographer being available, the court ordered the defendant to proceed to trial without said stenographer, to which objection was made and exception noted. The court directed counsel to take full notes of the evidence and stated that he would do likewise, as it was impossible to get a stenographer and numerous cases were ready for trial."

It does not appear that counsel for defendant had made any effort prior to the actual time of trial to arrange for an official stenographer, or finding all of the official stenographers engaged in other cases at that time to provide for an outside stenographer. Nor is it claimed that the verdict was against the weight of the evidence or that defendant was not proved guilty beyond a reasonable doubt, or that any manifest injury has resulted to defendant by reason of his not being able to have an official stenographer.

Defendant claims that General Code, 1548, makes it the mandatory duty of the trial judge to furnish him an official stenographer upon his request or to continue the case, and that the failure to do so constitutes reversible error. We do not so regard it.

Finding no error in the record, judgment is affirmed.